**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 22 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

KEVIN CHARLES GWINN,

        Petitioner - Appellant,

    v.

TONY REID, Warden, ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

        Respondents - Appellees.

No. 02-1139

(D.C. No. 02-Z-306)

(D. Colorado)

---

**ORDER AND JUDGMENT** [*]

---

Before **SEYMOUR** , **HENRY** , and **BRISCOE** , Circuit Judges.

---

After examining the appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2). The case is, therefore, ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of res judicata, collateral estoppel, and law of the case. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Kevin Charles Gwinn, a state prisoner proceeding pro se, requests a certificate of appealability ("COA") in order to appeal the denial of his 28 U.S.C. § 2254 habeas corpus petition. Because he fails to make a substantial showing of the denial of a constitutional right, we deny his request for a COA.

## I. Background

Mr. Gwinn pleaded guilty to drug possession charges on January 1, 1997 and was sentenced to three years of probation. He was also given a three-year term of post-sentence "mandatory parole" as required by statute in Colorado. In April 1998, Mr. Gwinn's probation was revoked, the result being that he was required to finish serving his three-year sentence in prison. Mr. Gwinn, given credit for the portion of his sentence served prior to April 1998, served the remainder of his sentence. He was subsequently released on mandatory parole.

While on his conditional release Mr. Gwinn failed a urinalysis test. As a result, he was re-incarcerated under the terms of Colorado's mandatory parole scheme. After having served two of his three years of mandatory parole, Mr. Gwinn filed this petition challenging the constitutionality of his re-incarceration. The district court denied Mr. Gwinn's request and subsequently denied him a COA, and Mr. Gwinn now seeks to appeal those decisions.

## II. Analysis

As an initial matter we note that although both Mr. Gwinn and the district court treated his habeas corpus petition as a § 2254 petition, because Mr. Gwinn is challenging the implementation of his sentence rather than the validity of the underlying conviction, his petition is properly characterized as a 28 U.S.C. § 2241 petition. See Montez v. McKinna, 208 F.3d 862, 865 (10th Cir. 2000). In order for Mr. Gwinn, a state prisoner, to appeal the denial of a § 2241 petition, he must obtain a COA. See id. at 868-69. To be entitled to a COA, Mr. Gwinn must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He may make this showing by demonstrating that the issues he raises are debatable among jurists, that a court could resolve the issues differently, or that the questions presented deserve further proceedings. See Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

Because Mr. Gwinn is representing himself on appeal, his pleadings are construed liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam). Nevertheless, this panel will not act as Mr. Gwinn's advocate by raising arguments not included in his request for a COA. Cf. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (noting that a pro se inmate retains "burden of alleging sufficient facts on which a recognized legal claim could be based").

In his request for a COA, Mr. Gwinn asserts a denial of due process and equal protection, violation of separation of powers, and violation of his plea agreement. Most of these issues are raised without clear connection to his situation. The core of Mr. Gwinn's argument, however, is ascertainable. He essentially argues that his present incarceration is unconstitutional because his plea agreement limits the total possible term of his incarceration to three years—the maximum sentence actually imposed by the trial court—regardless of Colorado's post-sentence mandatory parole scheme. Mr. Gwinn suggests that because he is now being required to serve up to an additional three years' incarceration under the revocation of his post-sentence mandatory parole, his continued incarceration violates his plea agreement.

Mr. Gwinn admits he agreed to a sentence of three years of probation with the Department of Corrections to be followed by another three years of mandatory parole upon his completion of the initial three year term. He nevertheless asserts two bases for challenging his re-incarceration, neither of which has merit.

First, Mr. Gwinn contends that "Mandatory Parole was meant to be served outside a prison . . . [and re-incarceration for violation of parole can] only [be] for a short period of 180 days or less." Aplt's Br. at 3. Although re-incarceration is limited to 180 days when the parolee is sent to a "community corrections program," see Colo. Rev. Stat. § 17-2-103(11)(b)(II)(B) (1998), a parolee may

-4-

also be re-incarcerated in a prison for a length up to the full term of the mandatory parole period. See id. at § 17-2-103(11)(b)(II)(A); Martin v. Colorado, 27 P.3d 846, 858 (Colo. 2001) ("This new period of confinement is limited only by the [parole] board's statutory authority, and is not related to the offender's original sentence to incarceration."). Therefore, Mr. Gwinn's argument on this point fails.

Second, Mr. Gwinn argues that the word "parole" means "release" and therefore that the phrase "mandatory parole" refers to where the parole is to be served—i.e., that it is mandatory that he serve parole outside of incarceration. This argument, while imaginative, lacks support and misconstrues the nature of parole. Someone convicted of a crime who is paroled is *conditionally* released from incarceration prior to the completion of his or her sentence. See 59 Am. Jur. 2d *Pardon and Parole* § 6 (1987). Violation of the terms of parole can result in the person's re-incarceration. See Colo. Rev. Stat. § 17-2-103(11)(b)(I).

Mandatory parole is a system of conditional release mandated by the Colorado legislature that all criminals convicted of class two through six felonies must serve. [1] See Colo. Rev. Stat. § 18-1-105(1)(a)(V)(A) (1998). "[E]ven a

---

[1] "Mandatory parole," in being imposed by a judge at sentencing rather than by prison officials or other members of the executive branch of government after an inmate's incarceration has begun, looks more like traditional probation than true parole. Regardless, violation of the terms of parole, probation, or Colorado's

(continued...)

-5-

prisoner who serves every single day of his or her prison sentence must remain subject to the conditions of parole for the additional mandatory period." Craig v. Colorado , 986 P.2d 951, 958 n.3 (Colo. 1999). Thus, violation of the terms of mandatory parole may require that a person be re-incarcerated, even though this results in the parolee being confined after completion of his or her initial sentence. As implicitly acknowledged by the Colorado Supreme Court in Craig , mandatory parole does not mandate that a parolee serve the entire mandatory period outside of incarceration; rather, mandatory parole requires that a parolee's release after completing his or her initial sentence be conditional.

Because Mr. Gwinn's arguments on the topic of mandatory parole are without merit, and because he provides no other basis for asserting a due process, equal protection, or other constitutional claim, his request fails to make a substantial showing of the denial of a constitutional right. Therefore, this panel must deny a COA. See 28 U.S.C. § 2253(c)(2).

In his request for a COA Mr. Gwinn cites 28 U.S.C. § 1915(e) in requesting that the court appoint counsel. Section 1915(e) gives the court discretion to appoint counsel to represent indigent petitioners; however, since Mr. Gwinn did not file a request to proceed *in forma pauperis* and because his arguments are

---

[1](...continued)
mandatory parole can lead to the re-incarceration of the parolee/probationer.

without merit, we deny his request for appointed counsel. We also deny Mr. Gwinn's motion for "release pending review."

## III. Conclusion

For the aforementioned reasons, we DENY a COA, DENY Mr. Gwinn's other motions, and DISMISS the appeal.

Entered for the Court,


Robert H. Henry
Circuit Judge